```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
FAITH WILLIAMS, by her parent and
next friend, MILTON WILLIAMS,
SS# 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

                         Plaintiff,            06-CV-6537T

             v.                                **DECISION
                                               and ORDER**
JO ANNE B. BARNHART,¹ Commissioner
of Social Security

                         Defendant.
_____
```

## INTRODUCTION

Plaintiff Milton Williams, brings this action on behalf of his minor child Faith Williams ("Williams"), seeking reversal of the Commissioner of Social Security's ("Commissioner" or "defendant") final decision denying his application for Social Security benefits.² Specifically, plaintiff alleges that the decision of the Administrative Law Judge (ALJ) was erroneous and not supported by the substantial evidence in the record, or the applicable law.

The Commissioner seeks judgment on the pleadings on grounds that her determination is supported by substantial evidence contained in the record. By cross-motion plaintiff also moved for judgment in their favor on grounds that the Commissioner's determination was against the weight of the evidence. For the

---

¹Jo Anne B. Barnhart is currently the Acting Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Jo Anne B. Barnhart should be substituted, therefore, for Acting Commissioner Larry G. Massanari as the defendant in this suit.

²This case (formerly civil case 01-CV-188(A)) was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated October 26, 2006.

reasons set forth below, I find that there is substantial evidence in the record to support the Commissioner's determination that plaintiff's daughter is not disabled, and accordingly I grant defendant's motion for judgment on the pleadings.

## BACKGROUND

Plaintiff filed and the Commissioner granted his application for benefits in December 1995 finding that from July 1995 Williams suffered from a disabling impairment diagnosed as Conduct Disorder. (R. 65-67, 71,72) In August 1997, following a statutorily mandated determination, the Commissioner held that Williams no longer satisfied the disability criteria, as amended by legislation and conforming regulations. (R. 76-79) After plaintiff's application for benefits were denied, he requested an administrative hearing, (R. 95), and on February 18, 1999, appeared with his daughter and a representative at a hearing before Administrative Law Judge Margaret J. Quinn. (R. 18-24). By Decision dated April 14, 1999, the ALJ determined that Williams was not disabled under the Social Security Regulations, and therefore was not entitled to benefits. (R. 23-24). Thereafter, plaintiff's appeal of the ALJ's decision was denied and on March 15, 2001, plaintiff filed this action.

## DISCUSSION

### I.   **Jurisdiction and Scope of Review**

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the

Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v NLRB, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding a reviewing court does not try a benefits case de novo).

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp 265, 267 (S.D. Tex. 1983) (citation omitted). The Commissioner moves for judgment on the pleadings on grounds that there is substantial evidence in the record to support her determination that Williams is not disabled. Plaintiff moves for judgment on the pleadings on grounds that the Commissioner, acting through the ALJ, ignored, and failed to properly evaluate substantial evidence indicating that Williams suffers from marked impairments which render her disabled. Specifically, plaintiff contends that the ALJ ignored evidence which demonstrates that Williams has marked impairments in the functional categories of attending to and completing tasks, and social functioning.

## II.  **The ALJ's Findings**

The ALJ found that Williams does not have limitations resulting from episodic impairments related to treatment or medication effects. (R.23) Accordingly, the ALJ indicated that it

must be determined whether Williams has broad functional limitations which are disabling. (Id.) These include cognitive, motor, social, personal, concentration, persistence or pace. See 20 C.F.R. 416.926a(c)(4). Based on the evidence provided, the ALJ concluded that Williams' impairments do not impose broad functional limitations which would be indicative of an impairment functionally equivalent to those listed in Appendix 1. (R.23) The ALJ made her determination based on the evidence before her and concluded that Williams did not suffer from a disability[3] under the Act. Specifically, the ALJ found that Williams has severe Conduct Disorder, but that she does not have an impairment or impairments under 20 C.F.R. 416.924(c) et seq. (Id.)

### III. **Williams' Medical History**

Faith Williams was born on December 17, 1983. (R. 35). In 1992, at age 9 she was diagnosed with a mild Attention Deficit Hyperactivity Disorder (ADHD) and mild Anxiety Disorder. (R.305) Following an "escalation of difficulties both at home and in school," the diagnosis had evolved to Conduct Disorder and Parent-Child Relational Problems. (R. 305-06). At age 11, Williams also received clinical therapy and school counseling since she refused to do school work, started verbal altercations with classmates and teachers and disobeyed father's rules by leaving home without permission and lying extensively. (R. 308) However, due to

---

[3] "[A]n individual under the age of 18 shall be considered disabled for the purpose of this title if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C).

Williams' poor response to five years of outpatient treatment, psychiatrist, Dr. Alma Ramirez of the Western New York Children's Psychiatric Center (WNYCPC) admitted Williams to its day treatment program in 1995. (R. 350-351)

In November 1996, WNYCPC Day Treatment Program reported that Williams made "substantial progress" sufficient to justify discharge. The discharge plan recommended attendance at the Falk School, individual and family therapy as scheduled, and a contingent referral to a residential treatment facility if home and school behaviors do not remain stable enough to warrant community placement. (R. 337) Dr. Ramirez re-admitted Williams to WNYCPC outpatient program in October 1996. Dr. I. Fassat reviewed Williams' records and opined in a report dated August 7, 1997 that she had a marked disability only in the area of social functioning. (R. 354) Dr. Fassat further noted that Williams had no limitations in her motor or personal skills, less than a marked limitation in her cognitive skills and less than a marked limitation in the area of concentration, persistence or pace. (Id.) Dr. Fassat's report concerning Williams' functional limitations are consistent with the February and December 1998 assessments of Dr. Ramirez, her treating psychiatrist. In Dr. Ramirez's February 1998 report, she observed that Williams remains immature, tends to violate the rights of others and needs structure and consistency. (R. 356) However, she also opined that Williams' functioning in the areas of motor, sensory and cognitive skills were age appropriate. (R. 357)

**IV.   Non-medical and Social History**

On June 10, 1997, Williams' seventh grade teacher at the Falk School, Barbara Reardon, noted consistent daily disobedience to rules and directions with verbal threats towards teachers, aides and other students. (R. 169) Williams' eighth grade teacher, Michael Baldassare also opined that she caused occasional disruptions and needed firm "verbal redirection." (R. 173) During her hearing in February 1999, Williams testified that she had recently began taking Vistaril for insomnia and Zoloft for depression, which she stated were helping. (R. 40-42). Williams also testified that she received psychotherapy from Dr. Ramirez and had also been in counseling with a Mr. Sheffield at the Meadowday Treatment Center. (R. 42)

At the hearing Williams testified that she had difficulty performing activities and talking about things because she did not feel like she could do so or that she was good enough so she kept to herself. (R. 44) She testified that she had about 5 to 10 friends but saw them very rarely and that she had difficulty getting along with her father. (R. 46) Williams also testified that she dressed, fed and bathed herself and took care of all of her own personal needs. (R. 54)

**V.   The Record Demonstrates that Williams does not suffer from a Disability**

The ALJ determined that while Williams has a Conduct Disorder, which constitutes a severe impairment under 20 C.F.R. 416.924(c) (R. 22), such an impairment however, was not a listed impairment,

did not meet or exceed any listed impairment, and was not functionally equivalent in terms of severity to any listed impairment. There is substantial evidence in the record to support that conclusion.

Here, plaintiff challenges only the determination rating Williams' capacity for independent social functioning. Plaintiff argues that because the ALJ failed to fully address Williams' social limitations in conformity with the Commissioner's regulations, the ALJ's decision is not supported by the evidence. (R. ) While plaintiff correctly points out that there is evidence in the record that indicates that Williams suffers from difficulties in the area of interacting socially, the substantial evidence suggests that this limitation does not rise to the level of marked limitations. With respect to social functioning, the weight of the evidence reveals that while Williams has had some difficulties interacting with other students, she also can get along with her peers. Williams' more significant limitation in the area of social functioning relates to her interaction with her father. The evidence suggests that Williams on occasion defies authority. The evidence also suggests, however, that through the use of a para-professional in school and disciplinary measures, her teachers have had good success controlling her in class.

Similarly, while there is evidence that Williams suffers from limitations with respect to attending to and completing tasks, there is substantial evidence to support the ALJ's conclusion that Williams does not suffer from a marked impairment in this area. In

this case, the evidence suggests that Williams suffers from some impairment in this area of functioning, but that the impairment is not a marked impairment. Nor did her impairments prevent her from advancing from grade to grade through elementary school.

In sum, the substantial evidence establishes that Williams suffers from Conduct Disorder, but also supports the ALJ's conclusion that the limitations in this area are not marked limitations. Accordingly, I affirm the ALJ's determination that plaintiff's daughter does not suffer a marked limitation in the area of Conduct Disorder. Thus, while Williams' Conduct Disorder is a severe impairment, it is not the functional equivalent of any listed impairment, and therefore Williams is not disabled under the Social Security regulations.

## **CONCLUSION**

Because the court finds that the Commissioner's decision was made in accordance with the applicable law, and was supported by substantial evidence in the record, the court hereby grants judgment on the pleadings in favor of the defendant. Plaintiff's motion for judgment on the pleadings is denied.

ALL OF THE ABOVE IS SO ORDERED.

                                              s/Michael A. Telesca
                                                   MICHAEL A. TELESCA
                                         United States District Judge

Dated:    Rochester, New York
          November 14, 2006